Guy B. Wallace, State Bar No. 176151
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1655

Patricia A. Shiu, State Bar No. 104894
Jinny Kim, State Bar No. 208953
THE LEGAL AID SOCIETY OF SAN FRANCISCO–EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HUGO LOPEZ, as guardian ad litem of L.L., et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

THE SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("SFUSD" or "DISTRICT"), et al.,

Defendants.

No. C-99-3260 SI (EAI)

**CLASS ACTION**

**PLAINTIFFS' STATUS STATEMENT**

Date: February 25, 2009
Time: 4:00 p.m.
Place: Courtroom 10

Pursuant to the Court's Order, Plaintiffs submit the following statement regarding the current status of compliance efforts with respect to the Stipulated Judgment in the above-captioned matter. As an initial matter, since the last status conference in August 2008, the parties have met on several occasions to discuss physical access barriers identified in the Group One schools by both Plaintiffs' and Defendants' access experts during the past year. The parties and their experts met and conferred for several hours on the following dates: August 29, 2008, October 28, 2008, November 19, 2008, and December 3, 2008.

During the course of those meetings, the parties and their experts reviewed detailed access inspection reports prepared by Plaintiffs' and Defendants' experts that collectively identified several hundred physical access barriers in the sample of Group One schools that were the subject of discussion. The parties reviewed the identified barriers on an item by item basis. Particular barriers, and types of barriers, were discussed in detail. In addition, the parties discussed a proposed Stipulation and Order regarding dimensional tolerances for the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") that would apply to the access work to be performed in connection with the Judgment. As discussed below, the parties did not have a specific and detailed discussion of Defendant's proposed modification of the construction schedule for three of the Group Two schools. Finally, in connection with the parties' discussions, Plaintiffs did request that Defendant agree to increase the $30,000 annual amount provided by the Judgment for expert monitoring because it is insufficient to cover the costs of monitoring the Judgment. Defendant has expressly rejected that proposal on the basis that the Stipulated Judgment states the parties' entire agreement, and that any change in the amount budgeted for expert monitoring costs must be made pursuant to Federal Rule of Civil Procedure 60(b).

Plaintiffs discuss the outcome of the parties' discussions below, as well as proposed next steps.

1. <u>The Group One Schools Continue To Contain Physical Access Barriers Within The Meaning of the ADAAG, And The Schools Therefore Do Not Comply With The Stipulated Judgment</u>

The Stipulated Judgment requires that the Group One schools must be fully compliant with ADAAG as it applies to new construction. *See* Stipulated Judgment § III.A. The Group One

schools are required to be barrier-free so that children with mobility and/or vision disabilities will be able to attend school in an enabling environment that allows them full and equal access to all school programs, services and activities, and an environment that fosters full integration of disabled and nondisabled children throughout the school site. Although Defendants' submission does state that the Group One "modernization projects" are complete, it is noteworthy that their submission does not contain any statement that the Group One schools are now in full compliance with the ADAAG requirements for new construction. Similarly, no District official has submitted any declaration under penalty of perjury guaranteeing that the Group One Schools are all in full compliance with the ADAAG requirements for new construction.

As discussed above, the parties confirmed the presence of several hundred physical access barriers in the Group One schools. With respect to the bulk of the barriers that were identified and discussed, Defendant agreed to remediate the barrier. With respect to the agreed upon items, Plaintiffs propose that the parties submit a proposed Stipulation and Order identifying these barriers, and providing a statement that either (1) the access barrier has already been removed, or (2) sets a deadline within 90 days for its removal. The parties have agreed to address the remaining category of disputed barriers via the dispute resolution mechanisms of the Stipulated Judgment.

Plaintiffs have scheduled the inspections of an additional six Group One school sites which Defendants contend have reached the point of "substantial compliance" –whatever that means. Plaintiffs intend to share the results of those further inspections with Defendants and this Court as soon as possible. For the reasons stated herein, at this point, Plaintiffs are unable to agree that Defendants have discharged their duty to bring the Group One schools into compliance with the ADAAG standards for new construction as required by Section III.A of the Judgment.

2. Dimensional Tolerances

Previously, Defendants contended that some of the remaining access barriers identified by Plaintiffs' experts in the Group One schools fall within permissible "dimensional tolerances" from the ADAAG standards. As discussed above, the parties have previously met and conferred regarding the issue of dimensional tolerances, and have made progress in those discussions. The

parties have exchanged several drafts of a proposed Stipulation and Order regarding this subject, and with a few exceptions, have reached general agreement.

However, it should be noted that the parties have been unable to agree upon tolerances for ramp and path of travel work. Defendants have proposed that disputes regarding tolerances be resolved through the dispute resolution mechanisms of the Stipulated Judgment. *See* Joint Case Management Conference Statement, August 8, 2008, at 13:2-4 [Docket # 763] ("In the event the parties are unable to agree on any aspect of applicable dimensional tolerances, then the issue would be subject to the dispute resolution process established in the Stipulated Judgment.") Plaintiffs are amenable to this approach, but observe that the parties and their experts have spent numerous hours discussing this subject, and at this juncture, it may be more efficient for this Court to adjudicate any remaining disputed tolerance items.

3. Defendants' Further Request To Alter The Completion Deadlines For More Schools

At page 1 of their submission, Defendants assert that Plaintiffs "have not objected" to the District's request that the compliance deadlines be changed for three additional schools. This is not correct, as we now discuss. As an initial matter, during the parties' brief discussion of this topic during meet and confer, Plaintiffs did indicate that changes to the schools that are covered by the Stipulated Judgment, or to the schedule regarding particular schools, would require a modification to the Judgment pursuant to Federal Rule of Civil Procedure 60. Plaintiffs are not willing to simply change major terms of the Judgment via the mechanism of a simple and informal "Status Statement," as Defendant apparently proposes. Moreover, Defendants' vague reference to "unanticipated" site conditions at these three schools as the justification for changing the terms of the Judgment is insufficient.

As this Court is aware, Defendant has already made substantial changes to the completion deadlines for the Group One schools. Plaintiffs have asked for an assurance that the District will not seek further changes of this nature because there have already been substantial changes to the schedule established in the Judgment. No such assurance has been forthcoming. Finally, Plaintiffs have been unable to determine whether the class members are amenable to a further change in the schedule set forth in the Judgment. The Stipulated Judgment requires that Defendant provide

Class Counsel with an updated class list with accurate contact information on October 1 each year. Defendant did not provide an updated class list or contact information until December 22, 2008. Plaintiffs are now in the process of contacting class members to determine their response to Defendants' proposed change in the completion schedule contained in the Judgment.

4. Conclusion

It remains undeniable that there have been significant problems with the District's compliance with the Stipulated Judgment. Previously, Defendants objected to the establishment of any further monitoring mechanisms regarding the terms of the Judgment, and insisted that the dispute resolution procedures in the Judgment were already adequate. While Plaintiffs believe that further mechanisms are indeed warranted, and that the nature of such mechanisms should be addressed as part of the parties' compliance discussions, Plaintiffs are amenable to resolving all compliance issues either by way of the mechanisms contained in the Judgment, or by submitting them to the Court for resolution by motion or otherwise.

Respectfully Submitted,

Date: February 23, 2009

/s/

Guy B. Wallace
Attorneys for Plaintiffs