1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JAMES M. EMERY, State Bar #153630
   Deputy City Attorney
3  San Francisco City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
4  San Francisco, California 94102-4682
   Telephone:     (415) 554-4628
5  Facsimile:     (415) 554-4757
   E-Mail:        Jim.Emery@sfgov.org
6
   Attorneys for Defendants
7  THE SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("SFUSD"),
   CARLOS GARCIA, in his official capacity as SUPERINTENDENT,
8  And the SCHOOL BOARD

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11
   ROXANNE LOPEZ, as guardian ad litem        Case No. C99-3260 SI
12 of L.L.; *et al.*, , on behalf of themselves
   and all others similarly situated,          **STIPULATION AND [~~PROPOSED~~]**
13                                             **ORDER TERMINATING**
                  Plaintiffs,                  **JURISDICTION**
14
          vs.
15
   THE SAN FRANCISCO UNIFIED
16 SCHOOL DISTRICT, CARLOS
   GARCIA, in his official capacity as
17 SUPERINTENDENT, and the SCHOOL
   BOARD, in their official capacities,
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

## **STIPULATION**

WHEREAS, on July 6, 1999, named plaintiffs Hugo and Roxanne Lopez as guardians ad litem of Jason Lopez, and Teresa Gallegos commenced this class action in the United States District Court for the Northern District of California alleging *inter alia*, discrimination in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504") and 42 U.S.C § 1983 regarding physical and program access for persons with mobility and/or vision disabilities in the schools of the San Francisco Unified School District ("School District");

WHEREAS, by Order dated May 2, 2001, the Court certified the following two classes:

1.  All persons disabled by mobility and/or visual impairments who have enrolled as students in the San Francisco Unified School District since July 6, 1996 and who have allegedly been denied their rights under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and 42 U.S.C. section 1983 to access to the programs, services, activities and/or facilities of the San Francisco Unified School District as a result of physical barriers.

2.  All persons (other than students) disabled by mobility and/or visual impairments who have allegedly been denied their rights under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and 42 U.S.C. section 1983 to access to the programs, services, activities and/or facilities of the San Francisco Unified School District as a result of physical barriers;

WHEREAS, on October 21, 2004, the Court approved a class settlement and entered into the record a Stipulated Judgment resolving all of the class claims of the certified classes;

WHEREAS, the Stipulated Judgment required the School District, *inter alia*, to do the following:

- Pursuant to the Stipulated Judgment, the School District agreed to renovate 96 school facilities by June 30, 2012 to make those facilities ADA-compliant, plus

charter schools and county schools that are housed in facilities that the School
District owns.

- Pursuant to the Stipulated Judgment , the School District agreed to maintain the
access features at each school, including bathrooms, elevators, automatic door
openers and paths of travel.

- Pursuant to the Stipulated Judgment, the School District agreed to provide
accessible transportation for field trips, and to provide a paraprofessional aide, for
field trips and after-school activities, when a student's Section 504 plan or IEP
provides for an aide.  The School District agreed to provide students with mobility
disabilities or vision disabilities equivalent opportunities to participate in athletic
programs.

- Pursuant to the Stipulated Judgment, the School District agreed to develop and to
maintain an Access Guide, which is available on the District's website, and from
the ADA Coordinator.  The School District agreed to provide annual training and
information to principals and teachers.  The School District's ADA coordinator is
responsible for responding to physical access concerns of students and parents.

- Pursuant to the Stipulated Judgment, the School District agreed to develop an
individualized emergency evacuation plan for each student with a mobility
disability or a vision disability.

- Pursuant to the Stipulated Judgment, the School District agreed to provide
triannual reports to Class Counsel and to permit Class Counsel to inspect the
School District's facilities to verify compliance with the requirements of the
Stipulated Judgment;

WHEREAS, Section XVII of the Stipulated Judgment provides: "The Judgment shall
continue to be effective and binding upon the parties for a period of eight years after the
Effective Date [i.e., until May 31, 2012], or until the access work identified in Section III is
completed, whichever is later.  At that time, Defendants may move the District Court for an

1   Order terminating its jurisdiction of this matter on the basis that all of Defendants' obligations

2   under the Judgment have been fully discharged.";

3        WHEREAS, over the life of the Stipulated Judgment, Class Counsel has received and

4   reviewed the School District's triannual reports and has inspected representative facilities that

5   the School District has modernized pursuant to the Stipulated Judgment;

6        WHEREAS, the School District represents that it has completed the access work

7   identified in Section III of the Stipulated Judgment and it has fully discharged all its obligations

8   under the Stipulated Judgment;

9        WHEREAS, based on its inspections of the School District's facilities and its review of

10  the School District's triannual reports, Class Counsel have concluded that the School District has

11  substantially completed the access work identified in Section III and discharged its other

12  disability access obligations under the Stipulated Judgment;

13       NOW THEREFORE, the parties hereby stipulate that the Court's jurisdiction over this

14  matter shall be terminated. Pursuant to Section XIV.B. Class Counsel shall prepare a final

15  statement of reasonable attorneys' fees and costs incurred in monitoring the performance of the

16  Stipulated Judgment.  Such a statement shall be submitted to Defendants by no later than

17  October 31, 2013.  If there are any disputes regarding same, those shall be resolved in

18       \\

19       \\

20       \\

21       \\

22       \\

23       \\

24       \\

25       \\

26       \\

27       \\

28

STIP & PROPOSED ORDER TERMINATING          3          N:\LANDUSE\CPEARSON\Temp Files\00876230.doc
JURISDICTION
CASE NO. C99-3260 SI

1   accordance with Section XII of the Judgment, and this Court shall retain jurisdiction for the sole

2   purpose of resolving any such disputes.

3         IT IS SO STIPULATED.

4         Dated:  September 27, 2013

5                                          SCHNEIDER WALLACE COTTRELL
                                           KONECKY LLP
6

7                                    By:_____/s/_____
                                           GUY B. WALLACE
8                                          Counsel for Plaintiff Classes

9

10                                         DENNIS J. HERRERA
                                           City Attorney
11                                         JAMES M. EMERY
                                           Deputy City Attorney
12

13                                   By:_____/s/_____
                                           JAMES M. EMERY
14                                         Deputy City Attorney
                                           Counsel for Defendants
15

16                                   **<u>ORDER</u>**

17         Pursuant to the foregoing stipulation of the parties, IT IS HEREBY ORDERED that the

18   Court's jurisdiction over the matter is terminated with the exception of any issues to be resolved

19   regarding any dispute concerning reasonable attorneys' fees and costs with respect to monitoring

20   as noted above.           Oct. 1

21         Dated:  ~~September~~ __, 2013

22

23                                   _____
                                           HON. SUSAN ILLSTON
24                                         United States District Judge

25

26

27

28